STATE OF NORTH CAROLINA v. ROSS ALLEN BERRYMAN

No. 8422SC1228

(Filed 15 October 1985)

**1. Criminal Law § 92.4— consolidation of offenses—proper**

    The trial court did not err by consolidating charges of burglary and rape arising out of incidents on 6 August 1982 and 26 July 1983 where the evidence showed that the crimes were committed on both occasions against the same victim in the same house in the same bed at approximately the same time of evening, that entry was gained on both occasions through a window and the victim was forced to engage in repeated acts of intercourse, the perpetrator was not armed on either occasion, the perpetrator identified himself on both occasions as Robert Williams, and the perpetrator upon his departure told the victim that he was going to New Orleans and for her to remove or replace an item at or near the alleged point of entry. G.S. 15A-926(a).

**2. Criminal Law § 89.4— prior inconsistent statements—instruction refused—no prejudice**

    In a prosecution for two counts of burglary and two counts of rape, there was no prejudice in the trial court's refusal to give an instruction on prior inconsistent statements where the prosecutrix testified at trial that her assailant was between 5'5" tall and 5'7" tall while she said in her statement after the first incident that her assailant was six feet tall or more, and at trial she testified that her assailant identified himself as Robert Williams during the first incident while in her statement she only said that he identified himself as Robert. Any error was not prejudicial in view of the overwhelming evidence of defendant's guilt; moreover, defendant was acquitted of the charges arising out of the first incident to which the alleged inconsistencies related.

**3. Burglary and Unlawful Breakings § 5.11— burglary—evidence of breaking sufficient**

    There was sufficient evidence of a breaking to support a conviction for burglary where the evidence tended to show that locks had been installed in all windows except one, which was nailed shut; that painters had removed the nail from this window and had not replaced it; that defendant told the prosecutrix to remove a chair under a bush near this window; that the screen from this window was found on the ground the next day; and that a chair was found outside under this window the next day.

APPEAL by defendant from *Albright, Judge.* Judgments entered in Superior Court, IREDELL County, 13 April 1984. Heard in the Court of Appeals 28 August 1985.

    Defendant was charged in bills of indictment with two counts of first degree burglary and two counts of second degree rape

State v. Berryman

arising out of incidents occurring on 6 August 1982 and 26 July 1983.

The State presented evidence tending to show that the prosecutrix was awakened in her home around 2:00 or 3:00 a.m. on 6 August 1982 by an intruder on her bed. This intruder, who was fully clothed and wearing a mask over his head, told the prosecutrix that his name was "Robert Williams." The prosecutrix testified that she was raped four or five times by this intruder in the bedroom and living room, and was also forced to perform oral sex upon him. Before the intruder departed at 5:00 that morning, he told the prosecutrix that he had to catch a bus to New Orleans and to be sure to put the screen up in one of her windows.

On 26 July 1983, the prosecutrix was again awakened at approximately 2:00 to 3:00 a.m. by an intruder on the same bed. This time the intruder, whom the prosecutrix identified in court as defendant, was naked and unmasked. He raped her twice on the bed. The intruder had the same voice and stature as the previous intruder. The intruder identified himself as Robert Williams and said he was going to take the prosecutrix to New Orleans with him. He also commented that the prosecutrix had made several changes to her house since he had last been there. Before leaving, he told her to remove a chair under a fig bush. The prosecutrix explained that locks had been placed in all of her windows since the earlier break-in, except one that had been nailed shut. The nail had been removed from this window by painters and had not been replaced. The bush was near this window.

Two days later, a man whom a bank official identified as defendant, who said he was Robert Williams' son, attempted to cash a check payable to "Robert Williams and Son" written on the prosecutrix's account. When defendant was unable to produce sufficient identification and when bank officers said they were going to call the prosecutrix for verification, defendant left the bank. The bank officials called the police and the prosecutrix. The police apprehended defendant near the bank. When the prosecutrix arrived at the police station, she recognized defendant as the one who had raped her a few days previously.

The jury acquitted defendant of the charges arising out of the 6 August 1982 incident but found him guilty of the first degree burglary and second degree rape charges arising out of

the later incident. From judgments imposing consecutive forty year sentences for each conviction, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Archie W. Anders, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

JOHNSON, Judge.

The issues on this appeal are whether the court erred: (1) by consolidating the offenses occurring on 6 August 1982 and 26 July 1983 for trial; (2) by refusing to give an instruction on prior inconsistent statements; and (3) by denying defendant's motion to dismiss the first degree burglary charge. For the following reasons, we find no prejudicial error.

[1] The first issue we address is whether the court erred by consolidating the offenses occurring on 6 August 1982 and 26 July 1983 for trial. G.S. 15A-926(a) allows the consolidation of two or more offenses for trial "when the offenses . . . are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." Thus, there must be a transactional connection in order to permit consolidation of offenses. *State v. Silva,* 304 N.C. 122, 282 S.E. 2d 449 (1981). A court's order denying a motion to sever and ordering the consolidation of offenses for trial will not be overturned absent a showing of an abuse of discretion. *State v. Bracey,* 303 N.C. 112, 277 S.E. 2d 390 (1981).

The evidence in the present case is remarkably similar to the evidence in *State v. Williams,* 308 N.C. 339, 344, 302 S.E. 2d 441, 445 (1983), in which the Supreme Court found an "obvious 'transactional connection'" between offenses committed on separate dates. In *Williams,* the Court noted that both occasions the crimes were committed against the same person, in the same apartment at approximately the same time at night; entry was gained through an open window and a single act of intercourse was committed; the defendant was not armed; and the victim was allowed to take contraceptive measures. In the present case the crimes were committed on both occasions against the same victim in the same house in the same bed at approximately the same time of

evening. On both occasions, entry was gained through a window and the victim was forced to engage in repeated acts of intercourse. The perpetrator was not armed on either occasion. In addition, the perpetrator identified himself on both occasions as Robert Williams, and upon his departure told the victim he was going to New Orleans and for her to replace or remove an item at or near the alleged point of entry. We hold the foregoing evidence established the requisite transactional connection to permit consolidation. We therefore find no abuse of discretion by the trial court.

[2] The next issue is whether the court erred by refusing to give an instruction on prior inconsistent statements. Defendant argues the instruction should have been given because the prosecutrix's testimony at trial differed from a statement she had given police officers after the 1982 incident in two respects: (1) at trial she testified her assailant was between 5'5" tall and 5'7" tall while she stated in her statement that her assailant was six feet tall or more; and (2) at trial she testified her assailant identified himself as "Robert Williams" during the first incident while in her statement she only said he identified himself as "Robert." Assuming *arguendo* that these omissions or discrepancies constituted inconsistent statements requiring the giving of the requested instruction, we hold the error was not prejudicial in view of the overwhelming evidence of defendant's guilt of the charges arising out of the later incident. Significantly, defendant was acquitted of the charges arising out of the first incident to which the alleged inconsistencies related.

[3] The remaining issue is whether the court erred in denying defendant's motion to dismiss the burglary charge arising out of the second incident. He concedes there was sufficient evidence of an entry but contends there was insufficient evidence of a breaking. We disagree that there was insufficient evidence of a breaking. Taken in the light most favorable to the State, the evidence tended to show that locks had been installed in all windows except one, which was nailed shut; that painters had removed the nail from this window and had not replaced it; that defendant told the prosecutrix to remove a chair under a bush near this window; that the screen from this window was found on the ground the next day; and that a chair was found outside under this window

the next day. From this evidence the jury could infer defendant broke and entered through this window.

For the foregoing reasons, we hold defendant received a fair trial free from prejudicial error.

No error.

Judges EAGLES and PARKER concur.